ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| MIGUEL A. FEBUS NEGRÓN<br><br>Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; POLICÍA DE PUERTO RICO<br>Apelado | TA2026AP00520 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Número: BY2026CV00951<br><br>Sobre: Petición/Revisión Portación sobre Ley de Armas y Otros |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez y la Jueza Boria Vizcarrondo

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de junio de 2026.

Comparece Miguel A. Febus Negrón (señor Febus Negrón o apelante) y nos solicita la revocación de una *Sentencia* notificada el 10 de abril de 2026, por el Tribunal de Primera Instancia, Sala de Bayamón (TPI o foro primario). En esta, el TPI desestimó la causa en la que procuró la revisión de la denegatoria a su solicitud de renovación de su licencia de armas.

**I.**

El señor Febus Negrón instó la demanda de epígrafe[1] contra el Negociado de la Policía de Puerto Rico (Negociado o apelado) al amparo del Artículo 2.02(d)(4) de la Ley de Armas de Puerto Rico de 2020, Ley Núm. 168 de 11 de diciembre de 2019, según enmendada, 25 LPRA sec. 462h (Ley 168-2019). En esencia expuso que, en reacción a su solicitud de renovación de su licencia de armas, el Negociado emitió una carta el 17 de diciembre de 2025, mediante la

---

[1] Sistema Unificado de Administración y Manejo de Casos, SUMAC-TPI, Entrada Núm. 1.

cual, notificó que no procedía su petitorio debido a las convicciones previas por delitos graves que surgen en los sistemas y archivos digitales de entidades estatales y federales. Inconforme, el apelante solicitó reconsideración. Sin embargo, transcurridos los términos de rigor sin recibir alguna respuesta del Negociado, el señor Febus Negrón solicitó revisión judicial ante el TPI conforme autoriza el Art. 2.02 (5) de la Ley 168-2019. En sus alegaciones relató ciertas incidencias procesales y sus argumentos en derecho. Sin embargo, y atinente al recurso ante nos, al concluir sus expresiones resaltó una solicitud de expedición de orden dirigida a la parte demandada para elevar la totalidad del expediente administrativo. Expuso y citamos: "Hasta el presente, el demandante no ha tenido el beneficio de poder examinar o tener conocimiento de dicho expediente." La referida solicitud fue reiterada mediante *Moción* interpuesta el 6 de marzo de 2026 y en su consecuencia el TPI ordenó a la Policía de Puerto Rico elevar la totalidad del expediente administrativo y al Departamento de Justicia certificar, si en efecto, realizó la eliminación de antecedentes en este caso.[2]

Superados los trámites iniciales del litigio, la parte apelada compareció representada por el Estado Libre Asociado de Puerto Rico y solicitó la desestimación de la causa al amparo de la Regla 10.2(5) de la Reglas de Procedimiento Civil, 32 LPRA Ap. V., R. 10.2(5). Mediante su *Moción de Desestimación*[3] indicó que, el señor Febus Negrón fue convicto el 22 de marzo de 1994, por agresión agravada e infracción de la Ley de Armas, *supra*, por lo cual fue sentenciado a tres (3) años de cárcel en los casos números DLA1993G1127; DLA1993G1128 y DVI1993G0152. El Negociado admitió que, el apelante solicitó la eliminación de las convicciones a la Oficina de Sistemas de Información de Justicia Criminal (SIJC)

---

[2] Entradas Núm.11 y 14.
[3] Entrada Núm. 15.

del Departamento de Justicia de Puerto Rico y así, posteriormente, logró obtener un certificado de antecedentes penales negativo. No obstante, sostuvo que, por virtud de ley, la investigación del Negociado no se limita al SIJC, sino se extiende a los archivos digitales de las agencias gubernamentales de Puerto Rico, de Estados Unidos, sus subdivisiones, así como cualquier entidad extranjera o internacional, como lo son, los archivos del National Crime Information Center, National Instant Criminal Background Check System, el Sistema de Información de Justicia Criminal y el Registro Criminal Integrado. Como resultado de la investigación realizada, surgió en el expediente, las convicciones previas del apelante. Al abundar sobre el alcance de los estatutos aplicables a la causa, la parte apelada destacó que, la eliminación de antecedentes penales al amparo de la Ley Núm. 254, *supra*, se limita a la base de datos estatal y no aplica a los récords administrativos que se pueden encontrar en una base de datos federal que maneja el Federal Bureau of Investigations (FBI). De ahí, le corresponde agotar el proceso detallado en el Code of Federal Regulations (CFR) en su título 28, parte 20, sección 20.33, así como la sección 16.30-16.34.

A esos efectos, planteó que, el apelante tendría un proceso administrativo, en caso de que sus convicciones previas surjan en los archivos digitales federales, ya que en el SIJC fueron eliminadas sus convicciones. Añadió que, el apelante incumplió los requisitos estatutarios para la concesión de una licencia de armas por tener convicciones por delitos graves previos, conforme establece el Artículo 2.02 y 2.09 de la citada Ley de Armas. En aras de sustentar su postura, la parte apelada resaltó la opinión emitida por el Tribunal Supremo de Puerto Rico en *J.H.V. y D.J.C.M. v. Negociado de la Policía de Puerto Rico*, 2025 TSPR 139, resuelto el 12 de

diciembre de 2025, así como pronunciamientos análogos de distintos paneles hermanos de esta Curia.

En su intento de persuadir al foro primario sobre los méritos de su causa, el apelante acreditó una *Moción en oposición a solicitud de desestimación,*[4] el 16 de marzo de 2026. En esencia adujo que, lo resuelto por el Alto Foro en *Pueblo v. Ortiz Martínez,* 123 DPR 820, 831 (1989), establece la norma a seguir ante este cuadro fáctico. Ello, porque allí se determinó que los tribunales no pueden tomar en consideración las convicciones borradas. A lo antes, añadió lo discutido en *Muñoz, Torres v. Superintendente,* 125 DPR 603 (1990), *Rivera Pagán v. Superintendente,* 135 DPR 789 (1994) y *Santiago Cora v. ELA,* 2025 TSPR 44, respectivamente. Abundó sobre el alcance de la Ley Núm. 254 de 27 de julio de 1974, enmendada por la Ley Núm. 314 de 15 de septiembre de 2004 y la Ley Núm. 56 de 21 de marzo de 2024, 34 LPRA sec. 1725,[5] así como la Ley Núm. 143 de 26 de agosto de 2014, 4 LPRA 533[6] y el Federal Gun Control Act of 1968, 18 USC sec. 922(g). En cuanto al cotejo de archivos digitales puntualizó que, todos los datos eliminados del sistema SIJC debieron ser eliminados en los demás sistemas. Ello, en cumplimiento de la reglamentación federal (28 CFR 16.34) que, a su entender, obliga al Departamento de Justicia a solicitar y gestionar la eliminación de las convicciones en todos los archivos incluyendo las del FBI y así en el NCIC. De esta forma, fundamentó su postura para sostener la denegatoria a la moción dispositiva promovida por el Negociado. Cabe señalar que, observamos que junto a su moción incluyó un formulario en blanco intitulado *Petición de Eliminación del Departamento de Justicia.*

---

[4] Entrada Núm. 18.
[5] *Ley para Autorizar a la Policía de Puerto Rico la Expedición de Certificados de Antecedentes Penales*
[6] *Ley del Protocolo para Garantizar la Comunicación Efectiva entre los Componentes de Seguridad del Estado Libre Asociado de Puerto Rico y del Sistema de Información de Justicia Criminal.*

Justipreciadas ambas posturas, el TPI declaró ha lugar el petitorio dispositivo promovido por la parte apelada y desestimó la causa instada. En la *Sentencia*[7] apelada, el TPI centró su análisis en lo resuelto en *J.V.H. v. Negociado de la Policía de Puerto Rico*, 2025 TSPR 139. Explicó que, pese a que el solicitante pueda tener una certificación de antecedentes penales negativa según el sistema SIJC, el Negociado está obligado por ley a indagar en otros sistemas de datos, en los cuales sí surge que el señor Febus Negrón, fue convicto por violar el Artículo 95 del Código Penal de 1974, según enmendado, Art. 6 y 7 de la Ley 404 (Ley de Armas anterior) impidiendo así, la concesión de una renovación de una licencia de armas.

Tras no prosperar en su intento de reconsideración,[8] el señor Febus Negrón acude ante esta Curia y señala lo siguiente:

> Erró el TPI al desestimar la demanda por las alegaciones, sin que se hubiese dado cumplimiento a la orden de elevar el expediente administrativo.

> Erró el TPI al desestimar la demanda y considerar antecedentes penales del apelante, cuando este eliminó los mismos conforme a derecho y según el proceso dispuesto por ley.

En cumplimiento con nuestra *Resolución* emitida el 21 de mayo de 2026 y luego de conceder un término adicional, comparece el Gobierno de Puerto Rico representado por la Oficina del Procurador General de Puerto Rico, el 22 de junio de 2026. En esencia, mediante su *Alegato,* nos relata el cuadro fáctico procesal, consigna el derecho aplicable a la causa y al concluir expresa lo siguiente:

> "Luego de conversaciones con la Policía con respecto a este caso particular, la Policía estará reevaluando la solicitud de renovación de licencia de armas del apelante. Ante este escenario, solicitamos a Honorable Tribunal que tome conocimiento de lo antes expuesto y revoque el dictamen apelado a los fines de que la Policía pueda realizar una nueva evaluación."

Procedemos a resolver.

---

[7] Entrada Núm. 20.
[8] Entrada Núm. 21.

## II.

### A. Regla 10.2 (5) de Procedimiento Civil

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, viabiliza que un demandado solicite la desestimación de la causa de acción en su contra, antes de contestarla, si de las alegaciones de la demanda surge claramente que alguna de las defensas afirmativas derrotará la pretensión de la parte demandante. *Costas Elena y otros v. Magic Sport y otros,* 213 DPR 523 (2024); *Eagle Security v. Efrón Dorado, et al.*, 211 DPR 70, 83 (2023). Particularmente, la Regla 10.2, *supra¸* enumera las siguientes defensas: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; y (6) dejar de acumular una parte indispensable. Regla 10.2 de Procedimiento Civil, *supra*; *Díaz Vázquez et al. v. Colón Peña et al.,* 214 DPR 1135 (2024); *Blassino, Reyes v. Reyes Blassino,* 214 DPR 1109 (2024).

Ante una solicitud de desestimación bajo el inciso (5) de la citada Regla 10.2 de Procedimiento Civil, el tribunal ha de tomar como ciertos todos los hechos claros y concluyentes, bien alegados en la demanda. *Íd.* Asimismo, el tribunal deberá evaluar si la demanda es suficiente para constituir una reclamación válida, luego de interpretar las alegaciones, conjunta y liberalmente, de la forma más favorable a la parte demandante, y resolviendo toda duda a su favor. *Íd.*

Cabe destacar que, la desestimación de una demanda no procede, a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que pueda ser probado en apoyo a su reclamación. *Íd.* En ese sentido, nuestro más Alto Foro ha establecido que, una solicitud de desestimación al amparo de la Regla 10.2 de

Procedimiento Civil, *supra,* va dirigida a los méritos de la controversia, no a aspectos procesales del caso. *Eagle Security Police, Inc. v. Efrón Dorado, S.E. y otros,* supra.

## B. Ley de Armas de Puerto Rico de 2020

Como es sabido, desde el 1 de enero de 2020, la Ley de Armas de 2020, *supra,* derogó la Ley de Armas del 2000, *supra.* El estatuto vigente se promulgó con el propósito de salvaguardar y proteger los derechos de los ciudadanos americanos residentes en Puerto Rico, mediante una nueva Ley de Armas que sea consistente con la Segunda Enmienda de la Constitución de los Estados Unidos y con las decisiones del Tribunal Supremo federal. Exposición de Motivos de la Ley de Armas de 2020, *supra.* A su vez, con la aprobación de dicha Ley, se procuró establecer que, en Puerto Rico, el portar y poseer armas de fuego es un derecho fundamental e individual, al igual que en el resto de los Estados Unidos. *Íd.* Cabe resaltar que lo anterior no significa que el derecho de portar y poseer armas es ilimitado, el Estado tiene la facultad de regular la posesión, portación y venta de armas de fuego. *Rolón Martínez v. Supte. Policía,* 201 DPR 26 (2018).

De otra parte, el Artículo 2.09 de la Ley de Armas de 2020, *supra,* regula lo relacionado a los fundamentos para rehusar expedir licencias. Específicamente, el precitado artículo dispone que:

> [n]o [se] expedirá licencia de armas, o de haberse expedido se revocará, la licencia de armas de **cualquier persona que haya sido convicta, en Puerto Rico, en cualquier otra jurisdicción estadounidense de cualquier delito grave o su tentativa, por delito menos grave que conlleve violencia**, **por conducta constitutiva de violencia doméstica,** según tipificada en la Ley Núm. 54 de 15 de agosto de 1989, según enmendada, o conducta constitutiva de acecho, según tipificada en la Ley 284-1999, según enmendada, ni por conducta constitutiva de maltrato de menores, según tipificada en la Ley 246-2011, según enmendada, "Ley para la Seguridad, Bienestar y Protección de Menores. (Énfasis nuestro).

Para fines de determinar si un solicitante tiene un impedimento para que se le expida una licencia de armas, se le confiere a la Oficina de Licencia de Armas la facultad de:

> [investigar] los archivos digitales de cualquier agencia gubernamental de Puerto Rico, de Estados Unidos o cualquier subdivisión política de este, de cualquier entidad extranjera o internacional a la que pueda tener acceso, incluyendo los archivos del National Crime Information Center (NCIC), del National Instant Criminal Background Check System (NICS), el Sistema de Información de Justicia Criminal (SIJC-PR) y el Registro Criminal Integrado (RCI). Art. 2.02 (d) (3) Ley de Armas de 2020, 25 LPRA sec. 462a.

Si de dicha investigación surge que la persona no cumple con todos los requisitos de la ley, no se le expedirá la licencia de armas. *Íd.,* Art. 2.02 (d) (4), *supra.*

Cónsono con lo anterior, el Tribunal Supremo ha resuelto que, a la hora de expedir una licencia de armas, se deberá tomar en cuenta el historial de violencia de la persona. *Rolón Martínez v. Supte. Policía,* supra, pág. 42. Dicho criterio no necesariamente requiere que la persona haya sido culpable de algún delito, sino que le impone a la persona encargada de expedir dicha licencia la responsabilidad de evaluar si el solicitante tiene la capacidad mental y emocional para tener un arma de fuego. *Íd.*, págs. 44-45. Lo anterior responde a la obligación que tiene el cuerpo policiaco de proteger a las personas y a la propiedad, y funge como medida preventiva para posibles actos violentos. *Íd.*, pág. 45.

En su origen, la Ley Núm. 108 de 21 de junio de 1968, (inspirado en la exposición de motivos de leyes anteriores),[9] según ampliamente discutido en *Pueblo v. Ortiz Martínez*, 123 DPR 820, 829, (1989), establece que, la razón principal que animó la aprobación del estatuto sobre eliminación de antecedentes penales, fue el reconocimiento legislativo de que, el ser humano muchas veces supera aquellas actuaciones y conductas ilegales del pasado,

---

[9] Véase, *Pueblo v. Ortiz Martínez* 123 DPR 820, 828-830, citando al P. del S. 169 de 14 de marzo de 1957, P. de la C. 14 de 1962 y P. de la C. 144, respectivamente.

y que compete al Estado proveer los mecanismos necesarios para una total rehabilitación. Su efecto principal es borrar las consecuencias jurídicas y socioeconómicas que en nuestra sociedad representa la existencia permanente de un récord penal. Se trata de una acción de carácter remedial encaminada a proteger y a hacer valer, de manera más efectiva, los derechos civiles de un ciudadano.[10]

Como parte de tales esfuerzos, la Asamblea Legislativa enmendó el estatuto mediante la Ley 254 de 27 de julio de 1974 (Certificaciones de Antecedentes Penales o Ley 254-1974) y luego mediante la aprobación de la Ley 314-2004, *supra*. El referido estatuto[11] viabiliza la eliminación de una convicción por delito grave, una vez se cumplan las siguientes circunstancias:

> [t]oda persona que haya sido convicta de un delito grave que no esté sujeta al Registro de Personas Convictas por Delitos Sexuales Violentos y Abuso Contra Menores ni al Registro de Personas Convictas por Corrupción, podrá solicitar del Tribunal de Primera Instancia una orden para la eliminación de la convicción del Certificado de Antecedentes Penales, siempre que concurran las siguientes circunstancias: (a) que hayan transcurrido cinco (5) años desde que cumplió la sentencia y durante ese tiempo no haya cometido delito alguno; (b) que tenga buena reputación en la comunidad; y (c) que se haya sometido a la muestra requerida por la Ley del Banco de Datos de ADN, de estar sujeta a ello. El peticionario acompañará los documentos necesarios para probar las alegaciones de su petición. El Ministerio Público podrá oponerse o allanarse a la petición, en cuyo caso no será necesario celebrar vista. *Santiago Cora v. Estado Libre Asociado de Puerto Rico,* 2025 TSPR 44, resuelto el 30 de abril de 2025.

El Tribunal Supremo ha establecido que, una vez, las convicciones son eliminadas del certificado de antecedentes penales, estas deben ser excluidas de todo registro o constancia, ante las autoridades del orden público. *J.H.V. v. Negociado de la Policía de Puerto Rico,* supra. Lo antes, sin que el Estado esté imposibilitado de considerar el contenido de los archivos de la Policía, independientemente de que el certificado de antecedentes penales sea negativo. *Íd.* Análogamente, el Estado no está obligado a devolver

---

[10] *Íd.,* a la pág. 830.
[11] 34 LPRA 1725a-2.

a una persona las fotografias del fichaje y sus huellas dactilares luego de que extingue su sentencia y logre eliminar su convicción del certificado de antecedentes penales. *Íd.* Véase, además, *Santiago Cora v. Estado Libre Asociado de Puerto Rico*, supra.

Con relación a la revisión de la determinación administrativa de conceder o denegar una licencia de armas, el estatuto provee para un proceso ante el Tribunal de Primera Instancia. A esos efectos citamos:

**Sección 462a. Licencia de armas. 25 LPRA sec. 462a**

[...]

(4) De resultar la investigación realizada por la Oficina de Licencias de Armas de los archivos digitales en una determinación de que la persona no cumple con todos los requisitos establecidos en este capítulo no le será concedida la licencia de armas, pero sin menoscabo a que el peticionario pueda solicitarla nuevamente en un futuro. El peticionario podrá solicitar a la Oficina de Licencias de Armas una reconsideración dentro de los próximos quince (15) días naturales siguientes a la denegatoria de la otorgación de la licencia, y la Oficina de Licencias de Armas tendrá quince (15) días naturales para emitir una determinación y atender la misma. De sostenerse la denegatoria, o de no emitir ninguna determinación respecto a la reconsideración, el peticionario de la licencia de armas **podrá acudir al Tribunal de Primera Instancia para la revisión administrativa**. (Énfasis Nuestro).

(5) Si la Oficina de Licencias de Armas no emite una determinación dentro del término previamente establecido, el solicitante tendrá derecho a acudir al Tribunal de Primera Instancia mediante una petición para que se dilucide la controversia, la cual se tendrá que resolver en el término de quince (15) días naturales.

**III.**

En su primer señalamiento de error el apelante sostiene que, el TPI incidió al adjudicar la moción dispositiva promovida por el Negociado, sin que se acreditara el expediente administrativo según fue ordenado el 9 de marzo de 2026. A su entender, dicho proceder violentó su derecho a un debido proceso de ley, como parte de una revisión administrativa ante el Tribunal de Primera Instancia. A pesar de reconocer que, el TPI tuvo ante su consideración una moción dispositiva al amparo de la Regla 10.2, *supra,* planteó que, dicho foro actuó a destiempo y sin permitirle el beneficio del

expediente administrativo necesario para sostener su reclamación. A lo antes, añadió que, el TPI estaba obligado a sostener sus determinaciones, basado en el expediente conforme la normativa aplicable a revisiones administrativas. De una lectura del *Alegato* de la parte apelada podemos apreciar que, también parece mostrar que, para la correcta adjudicación de la causa, se interesa la evaluación o reevaluación del expediente administrativo.

Hemos considerado el cuadro fáctico ante nuestra consideración y con particular atención al manejo del caso por parte del foro primario y observamos que, el TPI debió hacer efectivo el cumplimiento de su propia orden para elevar el expediente administrativo, antes de decretar la desestimación de la causa instada. Falló en no permitirle el beneficio y el acceso al expediente administrativo según de forma reiterada imploró el promovente de la acción, antes de adjudicar la causa en su contra. Somos de la opinión que, al así proceder, actuó a destiempo y en menosprecio al debido proceso de ley de ambas partes. Prueba de lo antes es la postura asumida por la parte apelada en la etapa apelativa que nos pide la revocación del dictamen no en sus méritos, sino para reevaluar el proceso administrativo.

Como corolario de lo anterior, concluimos que, no se sostiene el dictamen apelado por haberse atendido sin que el promovente de la acción tuviera acceso al expediente administrativo que, según sus propias expresiones, no había sido examinado con anterioridad a la presentación de su demanda.  De esta forma, se sobreentiende que, en esa etapa inicial del proceso, era razonable que el apelante tuviera la expectativa que el foro primario garantizaría el correcto trámite judicial según la orden notificada en autos, en lugar de preterir cualquier oportunidad posterior del apelante para, inclusive, enmendar sus propias alegaciones una vez tuviera el beneficio de examinar el expediente administrativo.

De otra parte, consideramos persuasivas los argumentos del apelante sobre los parámetros de la revisión judicial que dispone la Ley de Armas, *supra*. Resulta evidente que mediante la disposición establecida en el Art. 2.02(5), el legislador claramente establece el derecho a la revisión judicial de la decisión administrativa ante el foro primario. Ello, con el fin de dilucidar los planteamientos de una parte como resultado del proceso administrativo en la Oficina de Licencias de Armas aquí Negociado. En su consecuencia, no resulta irrazonable que ambas partes y el foro judicial tengan acceso al expediente, cuyo contenido se cuestiona, en aras de dilucidar las controversias esbozadas en la causa como parte de la revisión administrativa pendiente. Añádase que, la postura de la parte apelada de revertir el dictamen con el fin de reevaluar el proceso se atiende con proveer acceso al expediente administrativo a ambas partes, ante el foro primario que continua con jurisdicción sobre la causa.

Como regla general, los foros revisores no intervendrán con el manejo del caso ante la consideración del TPI. Siendo así, el Tribunal Supremo ha manifestado que, los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018). El ejercicio adecuado de la discreción se relaciona de manera estrecha con el concepto de razonabilidad. *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Al ponderar la totalidad de las circunstancias en este caso, colegimos que al apelante le asiste la razón al indicar que, el TPI erró al no hacer cumplir su propia orden para elevar el expediente

administrativo. De esta forma, incurrió en un error manifiesto que incidió en el debido proceso de ley. El primer error se cometió.

En su consecuencia determinamos que, procede revocar el dictamen apelado a los únicos efectos de dejarlo sin efecto y sin entrar a los méritos de la controversia, ordenar la devolución del caso ante la consideración del foro primario para que continúen los procesos de rigor, una vez las partes tengan el acceso al expediente administrativo en controversia. Ciertamente, lo antes no prejuzga las determinaciones ulteriores pendientes y futuros del foro primario dentro de su sana discreción. Por entender que, lo antes dispone del recurso ante nos, se hace innecesario atender el segundo señalamiento de error.

**IV.**

Por todo lo antes, revocamos el pronunciamiento judicial, a los únicos efectos de dejar sin efecto el dictamen apelado y devolvemos el caso ante la consideración del Tribunal de Primera Instancia para que, una vez se eleve el expediente administrativo conforme la orden notificada en autos el 9 de marzo de 2026, se continúen los procedimientos de rigor conforme lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones